UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAWN VAN DE WIELE,** : | |
| : | Civil Action No. 13-5924 (CCC) |
| **Plaintiff,** : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| **ACME SUPERMARKETS, et al.,** : | |
| : | |
| **Defendant.** : | |

**CLARK, Magistrate Judge**

This matter has been opened to the Court upon Plaintiff Dawn Van De Wiele's ("Plaintiff") motion for leave to file an amended complaint to add a claim for spoliation or fraudulent concealment of evidence. [Docket Entry No. 19.] Defendant Acme Supermarkets ("Defendant") opposes Plaintiff's motion. [Docket Entry No. 21.] The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion to Amend is DENIED.

**I.    BACKGROUND**

Plaintiff claims that, on July 8, 2012, she tripped and injured her right foot while shopping at the Acme Supermarket in Middlesex Borough, New Jersey. *See generally Compl.*; Docket Entry No. 1. Approximately one year later, Plaintiff initiated the instant action in the Superior Court of New Jersey, Middlesex County. Defendant removed the matter to federal court on the basis of diversity jurisdiction on October 4, 2013, and thereafter filed its answer on October 23, 2013. The parties appeared before the Honorable Mark Falk, U.S.M.J on December 4, 2013 for an initial

scheduling conference pursuant to Fed. R. Civ. P 16.  A Pretrial Scheduling Order was issued and the parties commenced discovery.  During discovery, Plaintiff requested production of any relevant photos or videos depicting the incident and Defendant responded that it was not currently in possession of any such items. *See generally Plaintiff's Brief in Support*; Docket Entry No. 19-1.  However, during the deposition of Rebecca Rodgers, the assistant Store Manager on duty when Plaintiff reported the incident, it was revealed that a potentially relevant surveillance video previously existed, but had been taped over. *Id.*  Plaintiff now seeks to amend the complaint and add a cause of action against Defendant for intentional spoliation of evidence.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Otherwise, pursuant to Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires." See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*.  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  To evaluate futility, the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).[1] Citing its opinion in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice …. Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949-1950 (citations omitted). The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

*Id.* at 1950.

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required. FED.R.CIV.P. 8(d).

Thus, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Id*. at 1949. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *Id*. at 1949-50.

### III.     DISCUSSSION

Plaintiff wishes to amend her complaint to add a claim of spoliation. Spoliation is defined as "the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Mosaid Technologies Inc. v. Samsung Elec. Co., Ltd.,* 348 F.Supp.2d 332, 335 (D.N.J. 2004). The Third Circuit has articulated a four-factor test for determining whether a party has engaged in spoliation: "[s]poliation occurs where: [1] the evidence was in the party's control; [2] the evidence is relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Service, Inc.,* 665 F.3d 68, 73, n.5 (3d Cir. 2012). The Court must also consider whether the destruction of evidence was done in "bad faith." *See id*. ("a finding of bad faith is pivotal to a spoliation determination."). In order to make a showing that evidence was withheld in bad faith, the party who seeks a spoliation sanction bears the burden of proving intent. *See U.S. v. Nelson,* 481 Fed. Appx. 40, 42 (3d Cir. 2012) ("where there is no showing that the evidence was destroyed in order to prevent it from being used by the adverse party, a spoliation instruction is improper.").

Under normal circumstances, litigants are under no duty to keep or retain all documents in their possession; however, in the face of reasonably foreseeable litigation, they are "under a duty to preserve what [they] know, or reasonably should know, will likely be requested." *Scott v. IBM*

4

*Corp.*, 196 F.R.D. 233, 249 (D.N.J. 2000). The question of reasonable foreseeability is a "flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry." *Bull*, 665 F.3d at 77-78 (internal citations and quotations omitted). "If the duty to preserve evidence 'has not been triggered at the time the evidence was destroyed, then there can be no spoliation.'" *Antoine v. KPMG Corp.*, 2010 U.S. Dist. LEXIS 1907 at *29 (D.N.J. Jan. 6, 2010) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). Whether a duty to preserve evidence existed at the time of destruction is a question of law to be determined by the Court. *Kolanovic v. Pak Gida A/S (Turk.)*, 77 F. Supp. 2d 595, 602 (D.N.J. 1999). "[A] duty to preserve evidence, independent from a court order to preserve evidence, arises where there is: (1) pending or probable litigation involving the defendants; (2) knowledge by the plaintiff of the existence or likelihood of litigation; (3) foreseeability of harm to the defendants, or in other words, discarding the evidence would be prejudicial to defendants; and (4) evidence relevant to the litigation." *Aetna Life and Cas. Co.*, 309 N.J. Super 358, 366 (App.Div. 1998). "The scope of the duty to preserve evidence is not boundless. A 'potential spoliator need do only what is reasonable under the circumstances.'" *Id.* (citing *County of Solano v. Dancy*, 215 Cal. App. 3d 1232, 264 Cal. Rptr. 721 (1989)).

With regard to the first of the four spoliation factors, neither party contests the fact that the videos were in Defendant's possession and control at the time they were destroyed. Defendant concedes that the videotapes cannot be produced as they were taped over within thirty to sixty days as a matter of routine, and in accordance with Defendant's video retention policy. *(See Def.'s Brief in Opp.*; Doc. No. 21-1.) As to the remaining elements of the spoliation claim, the Court finds that Plaintiff has failed to meet her burden in establishing that there was a reasonably foreseeable duty to preserve evidence. Specifically, Plaintiff has failed to allege facts sufficient to establish that the

5

litigation was either pending or probable at the time the tapes were destroyed. As Defendant notes, Plaintiff sent a letter to Defendant on April 16, 2013 indicating that a lawsuit was forthcoming and requesting the video from the supermarket.  In this regard, Defendant was not on notice that litigation was probable until the receipt of the April 16th letter, well after the time the video had been deleted as per the store's retention policy.  Thus, Defendant had no duty to preserve the video until that point.

Furthermore, when Plaintiff reported the accident to Defendant on July 9, 2012, Defendant's assistant store manager, Rebecca Rodgers, reviewed the surveillance video.  In her deposition, Ms. Rodgers stated that she reviewed the tapes in question and was unable to locate Plaintiff in the video. *See* Rodgers Dep. 36:13-37:4, Mar. 15, 2015; Exhibit C to *Defendant's Brief in Opposition*; Docket Entry No. 21-3.  Ms. Rodgers' review of the tapes appears to have been a thorough one.  Plaintiff informed Ms. Rodgers that she slipped on July 8, 2012, and that one of the associates at the store, Demar, caught her as she fell. *Id.* at 18:4-12.  Ms. Rodgers reviewed the video recordings for a one to two hour window both preceding and following Plaintiff's time at the store, and reportedly saw no instances of Plaintiff, or indeed any individual slipping or falling within the store. *Id.* at 35:13-37:2.  Additionally, Ms. Rodgers tracked the movements of Acme employee, Demar, on the video and saw no instances of him helping attempting to assist a fallen customer. *Id*. at 37:3-14.  In the absence of any contrary testimony or evidence, the Court accepts Ms. Rodgers' representation that she saw nothing on the tape which would have alerted her that litigation might be forthcoming.

Additionally, the destruction of evidence by an automated system, such as the re-recording of videotapes in the usual course of business, does not constitute bad faith for the purposes of a spoliation claim. *See, e.g., U.S. v. Nelson*, 481 Fed. Appx. 40, 42 (3d Cir. 2012) (affirming the

6

District Court's denial of a spoliation inference where the video tape was recycled pursuant to a prison policy that was even-handedly applied.). In these situations, the lack of bad faith stems in part from the fact that the party controlling the evidence had no reason to believe that it would be required in litigation. *See, e.g., McCann v. Kennedy University Hosp., Inc.*, 2014 U.S. Dist. LEXIS 9074 *7 (D.N.J. Jan. 24, 2014) ("the Court finds that prior to the videotapes being taped over, it was not 'objectively foreseeable' to defendant that the videotapes from the emergency room lobby were relevant to plaintiff's claim . . ."); *see also Tabon v. University of Pennsylvania Health System*, 2012 U.S. Dist. LEXIS 101040 *4-5 (E.D. Pa. July 20, 2012) (where defendants destroyed records as part of routine protocol, prior to the records being requested by plaintiff).

Plaintiff has made no showing that Defendant received constructive notice of this litigation such that a duty to preserve arose while Defendant was still in possession of video. Thus, the destruction of the video in the ordinary course of business does not suggest that the surveillance videotapes were taped over in bad faith or with the intent to destroy relevant evidence. Defendant does not dispute that it was responsible for taping over the videotapes, nor does it dispute the fact that it knew the tapes would be taped over as a matter of routine if not affirmatively preserved. While Defendant "knowingly" taped over the videotapes by virtue of maintaining a video retention system that automatically tapes over its contents after within sixty days, the Court finds that Defendant did not do so in bad faith or with the intent to deprive plaintiff of access to the footage. There is insufficient evidence to indicate that Defendant's employees knew or anticipated that Plaintiff's litigation would be forthcoming nor that any potential claim would require the retention and production of the surveillance footage. Therefore, the Court finds that Plaintiff's proposed amendment is futile as the Plaintiff's allegations fail to meet the plausibility standard outlined in *Iqbal*.

7

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED. An appropriate Order shall accompany this Opinion.


Dated: July 24, 2015

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
